## PETTICREW REAL ESTATE CO v VONDERHEIDE

Ohio Appeals, 2nd Dist, Clark Co

No 322

Todd, Tehan & Lorentz, Springfield, for plaintiff in error.

Cole, Bowman & Hodge, Springfield, for defendant in error.

**OPINION**

By HORNBECK, PJ.

We have examined with care the splendid briefs of the parties and the record and are satisfied that no error resulted to the prejudice of the defendant in the trial of this case.

Respecting the refusal of the court to strike the averment of violation of the ordinance of the City of Springfield. It seems clear that, if the third amended petition contains the averment as set out in the answer brief of plaintiff below, the motion was not well taken. We assume that the averment was made as set out in the brief.

The record is convincing that there was proof from which it could be almost conclusively inferred that the fire originated from the overheated furnace. It is not necessary to quote the record, but one witness, at least, testified to seeing the blazing rafters immediately above and in the vicinity of the furnace. It appeared that there was a heavy fire in the furnace still raging after the fire above had been extinguished and no other plausible reason appears to account for the source of the fire.

In this situation we observe no substantial reason why the charge of the trial court, to which objection is made by defendant, was not a correct and proper exposition of the law. It was as follows:

"If you find from a preponderance of the evidence that the defendant was the owner of the premises at 1010 Olive Street on October 23, 1930, and had exclusive control and management of the heating plant therein, and if you further find from a preponderance of the evidence that upon said date said premises caught fire from an overheated furnace, then I charge you that there is a presumption of negligence by evidence of at least equal weight."

The jury could well have found that every premise in the charge which it was required to find before it indulged the presumption against the defendant was proved by a preponderance of the evidence.

We observe nothing offensive to the rule against an inference on an inference in the instruction as stated. We are, of course, familiar with the leading cases cited by counsel for the defendant, namely, **Lumis v Railway, 107 Oh St, 168; Sobolovitz v Oil Company, 107 Oh St 204; and Gas Company v Brodbeck, 114 Oh St 432-433.**

We have examined all the claims of error. The charge of the court was a proper exposition of the law of the case and no objection is made to it. The evidence to support the theory of plaintiff's cause was convincing. We find no error in the record

prejudicial to the rights of the defendant. Judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.